UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY WASHINGTON (#41180)

VERSUS                                            CIVIL ACTION

SID GAUTREAUX, ET AL                              NUMBER 13-738-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 22, 2014.

                                              STEPHEN C. RIEDLINGER
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY WASHINGTON (#41180)

VERSUS                                                    CIVIL ACTION

SID GAUTREAUX, ET AL                        NUMBER 13-738-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

This matter is before the court following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether the complaint should be dismissed as frivolous.

Pro se plaintiff, an inmate confined at East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against East Baton Rouge Parish Sheriff Sid Gautreaux, III, Warden Dennis Grimes, Capt. Darrell Bell, grievance investigator Wayne Patrick, Maj. Robert Clements, disciplinary board chairman Lt. Simmons, Capt. Caberette, Dy. Persick and the East Baton Rouge Sheriff's Office. Plaintiff alleged that on October 26, 2012, he was placed in administrative lockdown and was not given any oral or written explanation for the transfer. Plaintiff alleged that the disciplinary board chairman (Lt. Simmons) and the grievance investigator (Patrick) allowed the lockdown to continue by not following proper procedures. Plaintiff alleged that he was released 41 days later when he was transferred to another prison facility for the purpose of humiliating him.

Finally, the plaintiff alleged that the captain and deputy who supervise the law library denied him material pertaining to this claim. Plaintiff sought recovery or compensatory and punitive damages, and injunctive relief in the form of the defendants' being terminated from employment or demoted in rank.

At the *Spears* hearing, the plaintiff stated that during the course of a habeas corpus proceeding he filed in the state court he learned from documents produced to him that Sgt. Pigeon, a female corrections officer, received a written death threat supposedly sent by the "East End Boys." Plaintiff stated the documents revealed that during an investigation into the death threat prison officials learned that members of the East End Boys, a prison gang, may be involved and that a confidential informant identified the plaintiff and other inmates as members of the East End Boys. As a result, he and several other inmates, alleged members of the East End Boys gang, were placed in administrative lockdown at the direction of Capt. Bell while prison officials conducted an investigation into their possible involvement in the death threat. Plaintiff stated that on December 6, 2013, he was temporarily transferred to another prison and was subsequently returned to East Baton Rouge Parish Prison three weeks later.

Plaintiff conceded that by the time he filed his § 1983 complaint, he knew that he had been placed in administrative lockdown pending an investigation into his possible involvement in

2

the death threat.

Plaintiff's complaint did not allege any specific facts describing the involvement of defendants Patrick, Maj. Clements, Lt. Simmons, Capt. Caberette or Dy. Persick. The court can assume from the complaint that Capt. Caberette and Dy. Persick are the prison law library supervisors. The person who screened the plaintiff's Inmate Grievance and rejected it wrote the initials "WP" on the form.[1] The court assumes this person is defendant Wayne Patrick.

Records from the East Baton Rouge Parish Prison show that the plaintiff filed an "emergency" Inmate Grievance dated November 5, 2012 in which he complained about the transfer to administrative lockdown "without any justification or explanation, only that it was per Capt. Bell," and that he received no disciplinary report, notice or anything explaining the reason for the transfer.[2] Consequently, it is clear that soon after the transfer to administrative lockdown the plaintiff knew the transfer was at the direction of Capt. Bell.

## Applicable Law and Analysis

**A. Frivolous Standard**

An in forma pauperis suit is properly dismissed as frivolous

---

[1] Record document number 5-1, Exhibit 1-D.

[2] Record document number 5-1, p. 9.

if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Administrative Lockdown**

Plaintiff alleged that he was placed in administrative lockdown and was not informed orally or in writing of the reason for the transfer.

An inmate may be placed in administrative lockdown pending completion of an investigation into misconduct charges against him. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 (1983). As the Supreme Court noted in *Hewitt*, "[T]he safety of the institution's guards and inmates is perhaps the most fundamental responsibility of the prison administration." *Id.* 459 U.S. at 473, 103 S.Ct. at 872. "Likewise, the isolation of a prisoner pending investigation

4

of misconduct charges against him serves important institutional interests relating to the insulating of possible witnesses from coercion or harm." *Id.* The Court determined that in such circumstances, "the Due Process Clause requires only an informal nonadversary review of evidence, ... in order to confine an inmate feared to be a threat to institutional security to administrative segregation." *Id.* 459 U.S. at 474, 103 S.Ct. at 873. The Court in *Hewitt* held that to satisfy the Due Process Clause, the plaintiff's placement in administrative lockdown required no more than an informal notice of the reason for the transfer and an opportunity to respond.

But 12 years later the Court retreated from even this minimal due process standard in *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293 (1995). The Court held that the Due Process Clause itself does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). The Court further held that only those restrictions which impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life" will invoke the prospect of state-created liberty interests, which in turn requires that the prisoner be afforded minimal due process.

In the absence of extraordinary circumstances, temporary confinement in administrative lockdown does not impose an atypical

and significant hardship required to trigger the protections of the Due Process Clause. *Hernandez v. Velasquez*, 522 F.3d 556, 562–64 (5th Cir. 2008). Plaintiff did not allege in his complaint, or describe at the *Spears* hearing, any extraordinary circumstances in connection with his transfer or 41-day confinement in administrative lockdown.

**C. Transfer to Another Facility**

Plaintiff alleged that he was transferred to another prison facility to humiliate him. At the *Spears* hearing the plaintiff explained that he was transferred temporarily to open up space at the East Baton Rouge Parish Prison.

Inmates have no justifiable expectation that they will be incarcerated in any particular prison within a state. *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741 (1983). Administrative transfers of prisoners to another prison, the conditions of which may be substantially less favorable, do not constitute deprivations of Fourteenth Amendment liberty requiring a due process hearing. *Meachum v. Fano*, 427 U.S. 270, 96 S.Ct. 2532 (1976).

**D. Access to Legal Materials**

Plaintiff alleged that the unidentified captain and a deputy (the court will assume they are Capt. Caberette and Dy. Persick) who supervised the law library denied him material pertaining to this claim.

6

A substantive right of access to the courts has long been recognized. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977). Access to the courts is protected by the First Amendment right to petition for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). That right has also been found in the Fourteenth Amendment guarantees of procedural and substantive due process. *Ryland v. Shapiro*, 708 F.2d 967, 971-75, (5th Cir. 1983).

In its most obvious and formal manifestation, the right protects one's physical access to the courts. Thus, for example, prison officials cannot refuse to transmit, or otherwise block, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts. Nor can they take other actions--such as taking or destroying legal papers--that have a similar effect. *Crowder v. Sinyard*, 884 F.2d 804 (5th Cir. 1989), *cert. denied*, 496 U.S. 924, 110 S.Ct. 2617 (1990). Some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987).

Plaintiff did not allege that he suffered any detriment as a result of his alleged limited access to the prison library. Moreover, at the *Spears* hearing the plaintiff conceded that in addition to filing this § 1983 complaint, he also filed a writ of

7

habeas corpus in state court regarding his confinement in administrative lockdown. Plaintiff was not denied access to the courts.

**E. Respondeat Superior**

Plaintiff named Sheriff Gautreaux, Warden Grimes, Wayne Patrick, Maj. Clements and Lt. Simmons as defendants but failed to allege any facts against them. To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). To the extent that the plaintiff alleged that any of these defendants are responsible for the actions or inactions of their subordinates or others is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

**F. East Baton Rouge Sheriff's Office**

Plaintiff named the East Baton Rouge Parish Sheriff's Department as a defendant. Under Rule 17(b), Fed.R.Civ.P., the capacity to sue or be sued must be determined by the law of the state in which the district court is held. Under Louisiana law a parish sheriff, whether in his individual or official capacity, is the proper party defendant. It is also well settled under Louisiana law that a sheriff's department or office or parish

prison is not a separate legal entity capable of being sued. *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665, 668 (La. 1997); *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980).[3]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims against all defendants be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim the plaintiff could assert against any defendant consistent with the facts alleged in his complaint as amended at the *Spears* hearing.[4]

Baton Rouge, Louisiana, May 22, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] *See*, e.g., *Kirk v. Cronvich*, 629 F.2d 404, 405 (5th Cir. 1980), *overruled on other grounds, Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379 (1986).

[4] *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)("The principal vehicles which have evolved for remedying inadequacy in prisoner pleadings are the *Spears* hearing and a questionnaire to 'bring into focus the factual and legal bases of prisoners' claims.'"

9